UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH DUNSAY,

    Plaintiff,

v.

BERGEN REGIONAL MEDICAL CENTER,

    Defendant.

Civil Action No. 16-5442 (CCC)

REPORT & RECOMMENDATION

**CLARK, U.S.M.J**

    **THIS MATTER** comes before the Court *sua sponte* based upon the Plaintiff's purported lack of standing to prosecute this civil matter. Although not the subject of a formal motion, the issue has been addressed by the parties via a series of oral conferences and written submissions. By letters dated January 30, 2017 and March 22, 2017, *see* Dkt. Nos. 20 & 25, counsel for Defendant Bergen Regional Medical Center first raised the question regarding whether Plaintiff Joseph Dunsay, who has been adjudged incompetent by a New Jersey Court and has a Court-appointed guardian, has standing or capacity to bring this action on his own behalf against Defendant. Eventually, following *inter alia* two telephone conferences with the Court and a letter from the Plaintiff outlining his intentions for this case, the Court entered an Order directing the parties to provide written submissions concerning whether or not Plaintiff may proceed with this matter *pro se*. *See* Dkt. No. 32. In response, the Court received two letters from Defendant's counsel, *see* Dkt. Nos. 34 & 36, and two letters from the Plaintiff, s*ee* Dkt. Nos. 35 & 41, stating their respective positions. Having considered the parties' written submissions and all other relevant items of record, for good cause shown and for the reasons set forth herein, it is respectfully recommended that this matter be dismissed for lack of standing.

1

I.   BACKGROUND

In his Complaint, Plaintiff asserts a purported cause of action against Defendant stemming from his claim that while being treated by Defendant he was wrongly detained against his will for an extended period of time.  In its letter of January 30, 2017, Defendant notes that the Plaintiff was adjudged by the Superior Court of New Jersey to be incompetent and that the Superior Court appointed one Michael Farhi as Plaintiff's guardian.  *See* Dkt. No. 20.  The Defendant attached to its letter the Judgment of the Superior Court and the Letters of Guardianship relating to the Plaintiff.  *See* Dkt. No. 20-1.  The Plaintiff has never denied or challenged that he has been adjudged incompetent or that Mr. Farhi has been appointed his guardian.

On September 28, 2017, the Court conducted a telephone conference with the parties in which Mr. Farhi participated.  During that conference, Mr. Farhi made it clear to the Court that he did not file nor did he intend to prosecute the current action on behalf of the Plaintiff.  *See* Dkt. No. 33 (Transcript of Proceeding).  Plaintiff has never suggested that Mr. Farhi in any way approved or filed the within action, but has instead merely requested that a guardian *ad litem* be appointed to help him pursue this matter.  *See* Dkt. No. 30.  The Court now considers the question of whether the Plaintiff has standing to file this Complaint.

II.   DISCUSSION

The capacity of parties to bring lawsuits in Federal Court is addressed generally in Federal Rule of Civil Procedure 17.  With regard to persons adjudged to be incompetent, Rule 17(c) provides as follows:

(c) **Minor or Incompetent Person.**
(1) **With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
   (A) a general guardian;
   (B) a committee;
   (C) a conservator; or
   (D) a like fiduciary.
(2) **Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Given the foregoing Rule, the answer to the question regarding whether Plaintiff has the standing or capacity to bring this lawsuit seems straightforward. The Plaintiff has a Court-appointed representative who has neither filed this action nor indicated any intention to pursue it on Plaintiff's behalf. Thus, under Rule 17(c)(1), which appears clearly to be the operative portion of Rule 17 in Plaintiff's case as he is an adjudged incompetent "with a representative," the Plaintiff cannot bring this action *pro se*. As a result, his Complaint is subject to dismissal for lack of standing.

Notwithstanding the foregoing, the Plaintiff may suggest 1) that because his appointed guardian is not pursuing this action he is effectively "without a representative," 2) that his case should be therefore evaluated under Rule 17(c)(2), and 3) that he should consequently be appointed a guardian *ad litem* to help him pursue this action. As an initial observation, such an argument flounders because Rule 17(c)(2) explicitly exempts from its coverage any incompetent person who, like Plaintiff, has "a duly appointed representative" to protect his or her interests. To the extent that any such suggestion by Plaintiff were to gain traction, however, Rule 17(c)(2) still provides that the appointment of a guardian *ad litem* is not mandatory and that any appropriate order from the Court will suffice. *See Foe v. Vanderhoof*, 389 F. Supp. 949, 957 (D. Colo. 1975). The Court believes that to read Rule 17(c)(2) broadly to cover Plaintiff and then to

appoint him a guardian *ad litem* in this case would effectively constitute an end run around the judgment of the state court that Mr. Farhi is an adequate representative for Plaintiff for all purposes. Simply put, if Plaintiff is dissatisfied with Mr. Farhi's guardianship, he must challenge it in state court. The Court will therefore recommend dismissal of Plaintiff's current claims *without prejudice* in order to preserve that possibility for the Plaintiff while at the same time giving proper deference to the Superior Court of New Jersey's role in the overall process.

In sum, dismissal of Plaintiff's Complaint without prejudice is appropriate because plaintiff lacks the capacity or standing to bring this lawsuit on his own and his duly-appointed guardian has chosen not to pursue it.

### III. CONCLUSION

For the reasons set forth above;

**IT IS** on this 15th day of December, 2017,

**RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of standing; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**